JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-09644-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Wendy Cardenas v. Asplundh Construction, Corp. and 347 Group, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 14)

## I.   INTRODUCTION

On October 7, 2021, Wendy Cardenas ("Plaintiff") filed a class action complaint in state court against Asplundh Construction, LLC ("Asplundh") and 347 Group, Inc. ("347 Group") (collectively, "Defendants"). Plaintiff's claims arise from alleged wage and hour violations committed by Defendants during the course of her employment. Plaintiff brings the class action on behalf of herself, and all others similarly situated. Plaintiff asserts the following claims: (1) Failure to Pay Minimum Wages, (2) Failure to Pay Overtime Wages, (3) Failure to Provide Meal Periods, (4) Failure to Permit Rest Breaks, (5) Failure to Reimburse Business Expenses, (6) Failure to Provide Accurate Itemized Wage Statements, (7) Failure to Pay All Wages Due Upon Separation of Employment, and (8) Violation of B&P Code § 17200 *et seq.*

On December 13, 2021, Defendants removed this action to federal court on the basis of subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). On December 28, 2021, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff is a citizen of California who worked for Defendants during the relevant period alleged in Complaint. (Compl. ¶ 10, ECF No. 1–2.) Plaintiff seeks to represent herself and a class of all California citizens currently and formerly employed by Defendants as non-exempt employees in the state at any time between April 12, 2017 and the date of class certification. (*Id.* ¶ 20.) Plaintiff alleges that Defendants engaged in a "systematic pattern" of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders. (*Id.* ¶ 3.) Plaintiff further alleges that Defendants' "policies and practices" violated state law, as Defendants failed to: pay all wages (including minimum wage and overtime wages), provide meal and rest breaks or payments in lieu thereof, reimburse for necessary business-related expenses, furnish accurate wage statements, and pay

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09644-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Wendy Cardenas v. Asplundh Construction, Corp. and 347 Group, Inc.* | | |

all wages due after separation of employment. (*Id.* ¶¶ 4, 95, 96.) Accordingly, Plaintiff seeks monetary and injunctive relief against Defendants on behalf of Plaintiff and all class members.

## III.     JUDICIAL STANDARD

A defendant may remove a case from state court when federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by preponderance of the evidence that removal is proper. *Id.* at 566-67.

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). When a defendant's assertion of the amount in controversy is challenged… both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Id.* at 88.

A removing party's notice of removal need only state "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dark Cherokee,* 574 U.S. at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant must "persuade the court that the estimate of damages in controversy is a reasonable one." *Id.*

Under CAFA, district courts are vested with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09644-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Wendy Cardenas v. Asplundh Construction, Corp. and 347 Group, Inc.* | | |

## IV.  DISCUSSION

Plaintiff seeks remand of this action on the ground that the requisite amount in controversy has not been met. This Court agrees that the amount in controversy has not been established by a preponderance of the evidence. Therefore, remand is proper.

Defendants' amount in controversy estimates are based primarily on two of Plaintiff's alleged claims: (1) meal and rest break violations and (2) minimum wage and unpaid overtime violations, which will be discussed below.[1]

### A.  Meal and Rest Claim

Plaintiff alleges a "systematic pattern" of wage and hour violations. (Compl. ¶ 3, ECF No. 1–2.) Defendants use a 20% violation rate, calculating one non-compliant meal period and one non-compliant rest period per week. (Opp. at 12:24–13:4, ECF No. 20.) Defendants also assume that 100% of the class members suffered meal and rest break violations. (*Id.*) Plaintiff argues that Defendants have failed to provide sufficient evidence to support their assumptions. (Mot. at 4:26–27, ECF No. 14.) The Court agrees.

According to the Ninth Circuit, a "pattern and practice" of violations does not necessarily indicate a 100% violation rate. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,1198–99 (9th Cir. 2015). Rather, a reasonable interpretation of "pattern and practice" points to a rate of somewhere between 20% and 100%. The defendant must show that its estimated amount in controversy relies on reasonable assumptions. *Id.* at 1197.

Courts have interpreted terms such as "routine," "pattern," and "systematic" synonymously, and held that such allegations support higher violation rates. In contrast, "occasional failure," and similar such terms indicate a rate less frequent than "pattern and practice." See *Luna v. Pronto California Gen. Agency, LLC*, No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879, at *3, n. 1 (C.D. Cal. Aug. 19, 2020).

Here, Plaintiff's Complaint alleges a "systematic pattern" of violations. (Compl. ¶3.) In their calculation, Defendants assume a 20% violation rate, which falls at the lowest end of the range. *See Luna v. Pronto California Gen. Agency, LLC*, No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879, at *3, n. 1 (C.D. Cal. Aug. 19, 2020) (finding a 20% violation rate reasonable where the plaintiff alleged an "occasional failure" to provide meal and rest breaks). Therefore, the Court accepts the assumed 20% violation rate as reasonable.

---

[1] Defendants' estimated amount in controversy in the Notice of Removal is $21,626,762.98, including attorneys' fees. (Defs.' Notice of Removal ¶ 69, ECF No. 1.) However, in responding to Plaintiff's Motion, Defendant adjusts the calculation which brings the estimated amount in controversy to $7,404,485.72. (Opp. at 16:14 - 17:10.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09644-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Wendy Cardenas v. Asplundh Construction, Corp. and 347 Group, Inc.* | | |

However, the same does not hold true for Defendants' assumption that 100% of the class members suffered each violation in the Complaint. Specifically, Defendants assume that based on the Complaint's allegation of a "systematic pattern" of violations, it is reasonable to calculate that *every* class member suffered one meal and one rest break violation each week. This is an overly broad interpretation, as the complaint makes no allegations with respect to how many of the class members suffered which of the violations set forth in the complaint. Therefore, Defendants "bear[s] the burden to show that [their] estimated amount in controversy relied on reasonable assumptions." *Ibarra*, 775 F.3d at 1197. Here, Defendants offer no facts indicating that all class members worked sufficient shifts during the 30,601 workweeks to qualify them for meal and rest periods.[2] *See Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701–702 (9th Cir. 2020) (finding an unreasonable assumption that all Hourly Employee Class members worked shifts long enough to entitle them a meal and rest break). Therefore, with respect to meal and rest break violations, Defendants have not provided sufficient facts or evidence to reasonably support their estimate.

### B. Overtime and Minimum Wage Claim

Plaintiff alleges that Defendants "engaged in a systematic pattern of wage and hour violations" and that Defendants failed to pay Plaintiff and Class Members at least minimum wage and overtime wages for all overtime hours worked. (Compl. ¶¶3, 41, 52). Based on this language, Defendants assume that all class members suffered violations of 0.5 hours of unpaid minimum wages and 0.5 hours of unpaid overtime per work week. (NOR ¶¶42, 46.) Plaintiff argues that Defendants offer no evidence in support of these assumption for purposes of satisfying their burden by a preponderance of the evidence. The Court agrees.

The Ninth Circuit has held that a removing defendant is permitted to utilize a "chain of reasoning that includes assumptions" when assessing damages. *Ibarra*, 775 F.3d at 1199. However, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id*.

Similar to the analysis above, the Court does not take issue with Defendants' use of a half hour of minimum wage and a half hour of overtime per workweek in calculating the amount in controversy. *See Arias v. Residence Inn by Marriot*, 936 F.3d 920, 923 (9th Cir. 2019) (finding the assumption of 30 minutes per week of unpaid wages would be reasonable). Rather, the Court finds speculative, Defendants' assumptions that (1) all class members suffered overtime and minimum wage violations of 0.5 hours per workweek, and (2) $51.62 per hour is a reasonable average hourly rate to use in estimating damages. Defendants provide no evidentiary basis for why the above assumptions are reasonable.

Defendants have provided only a declaration establishing the total number of approximate non-exempt employees from April 12, 2017 to November 20, 2021, the total number of workweeks during

---

[2] Here, Defendants' Declaration by Cherly Trago includes only the approximate total of non-exempt employees from April 12, 2017 to November 20, 2021, the total workweeks during that time, and the average hourly rate of those employees. (Trago Decl. ¶ 2, ECF No. 20–1.)

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09644-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Wendy Cardenas v. Asplundh Construction, Corp. and 347 Group, Inc.* | | |

that time, and the average hourly rate of non-exempt employees. (Trago Decl. ¶2, ECF No. 20–1.) Although Plaintiff does not state what the alleged violation rate is, Defendants' evidence without further facts or explanation fails show that their calculations are based on more than mere speculation. Defendants provide no explanation or point to any allegations to support their assumption that each aggrieved class member suffered both minimum wage *and* overtime pay violations. In addition, Defendants provide no basis as to their use of $51.62 as the average hourly rate in the calculation of overtime and minimum wage violations. Notably, this rate is significantly higher than the statutory minimum wage in California.

Given Plaintiff's allegations and the lack of facts provided by Defendants, the Court finds that Defendants' assumptions are not reasonably grounded.

### C. Attorneys' Fees

The Ninth Circuit has held that courts must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in controversy requirement is met. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). However, "the defendant retains the burden of providing the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788. Although certain estimates might be reasonable, the courts have declined to adopt a per se rule that "the amount of attorneys' fees in controversy in class action is 25 percent of all other alleged recovery." *Id.* At 796; cf. *id.* n.6 (finding that percentage based method as a per se rule is inappropriate).

Based on the discussion above, the Court finds Defendants' estimate of attorneys' fee too speculative, and Defendants have failed to show that the base amount to which 25% has been applied is based on reasonable assumptions.

### V. CONCLUSION

Based on the foregoing, the Court finds insufficient facts to show by a preponderance of the evidence that Defendants' estimated amount-in-controversy is reasonable. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer